## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE No. 05-cr-215-MHT-SRW |
| | ) | |
| NOE SANTIAGO-LOPEZ | ) | |

## DEFENDANT'S REQUESTED JURY VOIR DIRE

**NOW COMES** the Defendant, Noe Santiago Lopez ("Mr. Santiago"), by and through

undersigned counsel, and requests this Court to ask the attached questions during Voir Dire in this

case, or in the alternative, permit defense counsel to inquire of the jury venire.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**FEDERAL DEFENDERS**
**MIDDLE  DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama  36104
TEL:  (334) 834-2099
FAX: (334) 834-0353

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO:2:05-MJ-90-B |
| | ) | |
| NOE SANTIAGO-LOPEZ | ) | |

## REQUESTED VOIR DIRE

1.    During trial, everyone will need to hear the witnesses, the attorneys and the Court. With that in mind, if you can hear me clearly, please raise your hand.

2.    If any of you cannot read, write, speak or understand the English language, please raise your hand.

3.    If any of you cannot see well, please raise your hand.

4.    If you have any health condition(s) that may interfere with your ability to serve as a juror that the court needs to be made aware of, please raise your hand.  You may step forward to discuss the matter with the court in private if you need to.

5.    If anyone is taking medication that will affect your ability to concentrate or to sit through a trial, please raise your hand.  You may step forward to discuss this matter with the court in private in you need to.

6.    It is a guiding principle of the American system of justice that any person accused of a crime is considered innocent until proven guilty beyond a reasonable doubt to the satisfaction of a jury of their peers.  With this principle in mind, do each of you understand that an indictment is simply the Government's accusation against Mr.

2

Santiago?

7.      Do you understand that the indictment should not be considered by you as evidence against Mr. Santiago because an indictment is only the procedure by which a person is brought to trial. Further, the fact that an indictment has been returned is not evidence of guilt on behalf of the defendant whatsoever? If you do not understand this concept or if you have any problem applying that concept as I will instruct you, please raise your hand?

8.      Do you further understand that you cannot draw any inference that Mr. Santiago is guilty of anything merely because the Government has accused him?  Mr. Santiago sits before you presumed innocent of any offense unless and until the Government meets its burden to prove to you the guilt of Mr. Santiago beyond a reasonable doubt.

9       In a criminal case, a defendant is not required to testify, and if the defendant does not testify, jurors are not supposed to draw any conclusions from that fact.  Does the idea that you might not hear from the defendant disturb you or cause you any concern?

10.     Do you agree with the law that the burden of proving that a defendant is guilty of the offenses charged beyond a reasonable doubt rests with the Government?

11.     Would you require in your own mind that the defendant prove his innocence to you before you would acquit him?

12.     Do you agree that you are bound to reach a verdict solely on the evidence introduced at trial?

13.     Do you agree that you are enforcing the law just as vigorously by voting for acquittal if there is reasonable doubt as to guilt, as you do if you vote for a conviction when

there is no such doubt?

14. If you came to the conclusion that the Government had not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors or even all of the other jurors believed the accused was guilty, would you change your verdict in order to reach a unanimous decision?

15. Does any member of the jury venire know any of the following people? (We ask the government counsel to read a list of the government's proposed witnesses).

16. Are any of you related to anyone on staff at the United States Attorneys' Office?

17. Does any member of the jury venire know either the United States Attorney or any of the Assistant United States Attorneys? (We ask the Assistant United States Attorney to please stand and give the names of each attorney in the U.S. Attorneys Office).

18. Have any of you received any training or taken any classes in law or criminal justice? If yes, briefly describe the nature of that training.

19. You will hear testimony from law enforcement officers. Would you tend to believe the testimony of a government agent or employee just because he or she is a law enforcement officer?

20. Have you, a member of your immediate family, or a close personal friend had any experience with or knowledge of social security fraud?

21. Have you, a member of your immediate family, or a close personal friend ever had any experience with identity theft?

22. Do any of you recognize a member of this jury panel as a relative, a close friend or

4

associate of yours?  If yes, please state the relationship.

23.    Are you now or have you ever served as a law enforcement officer?

24.    Is any member of your immediate family or any close personal friend or acquaintance

a law enforcement officer?

25.    Who, if anyone thinks that the testimony of a law enforcement agent in a criminal

case is more deserving of belief than the testimony of a non-law enforcement person,

simply because the person testifying is a law enforcement officer?  Why do you think

so?

26.    Do any of you think that the testimony of a law enforcement agent is less deserving

of belief than that of non-law enforcement persons, simply because the person is in

law enforcement?  Why do you think so?

27.    Have any of you, any member of your family, or any of your friends ever had any

contact with an Alabama State Trooper or an agent or employee of the United States

Immigration and Naturalization Service. Please tell us about that contact.  If you

would prefer, you may discuss the matter in private at the bench.

28.    Have you ever been a witness for the Government in a criminal case? If so, please

explain.

29.    The defendant in this case, Mr. Noe (pronounced Noah) Santiago, did not learn

English as his first language.  An interpreter is therefore being provided.  Do any of

you believe that this interpreter should not be provided to Mr. Santiago?  Do any of

you feel that the presence and activity of an interpreter will interfere with your ability

to hear the testimony in this case?

30.    The attorneys have asked me to make sure that you know that during the course of the trial, people participating in the trial are not allowed to speak to jurors. This includes even polite or casual conversation. Please do not be offended if you see one of the attorneys or witnesses in this case, and he or she does not acknowledge or speak to you. The rules of the Court prevent them from doing so.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama   36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2005, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the following:

Susan Redmond, Assistant United States Attorney, One Court Square, Suite 201, Montgomery,

Alabama 36104.


<u>**s/Christine A. Freeman**</u>
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org


**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama   36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353